RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com
*Attorney for Plaintiff and Putative Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANCE WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONLINE DIGITAL, LLC d/b/a VERTICAL PULSE,<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chance Wilson ("Plaintiff") by his undersigned counsel, for this class action complaint against Online Digital LLC d/b/a Vertical Pulse and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Vertical Pulse" or "Defendant"), alleges as follows:

COMPLAINT - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      INTRODUCTION

1.      <u>Nature of Action</u>. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      Plaintiff, individually and as class representative for all others similarly situated, brings this action against Vertical Pulse for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Vertical Pulse engaged in automated telemarketing in violation of the TCPA using pre-recorded messages that were sent to cellular telephones.

3.      Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff bring this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.    PARTIES

4.    Plaintiff Chance Wilson is an individual.

5.    Defendant Online Digital LLC d/b/a Vertical Pulse is a limited

liability company.

## III. JURISDICTION AND VENUE

6.    <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's

TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise

under the laws of the United States, specifically, 47 U.S.C. § 227.

7.    <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over

Vertical Pulse because a substantial part of the wrongful acts alleged in this

Complaint were committed to a California area code.

8.    <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. §§

1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's

claims occurred into this District.

## IV.    THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47

## U.S.C. § 227

9.    In 1991, Congress enacted the TCPA in response to a growing number

of consumer complaints regarding certain telemarketing practices.

10.    The TCPA makes it unlawful "to make any call (other than a call

made for emergency purposes or made with the prior express consent of the called

COMPLAINT - 3

party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of Section 227(b)(1)(A). 47 U.S.C. § 227(b)(3).

11.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

13.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.  Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees

COMPLAINT - 4

unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted).

## V. FACTUAL ALLEGATIONS

14. Defendant Vertical Pulse is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. Vertical Pulse sells insurance products for various companies, including Selectquote.

16. One of Vertical Pulse's strategies for marketing its services and generating new customers is telemarketing.

17. Vertical Pulse's telemarketing includes the use of pre-recorded messages to generate new business.

18. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

19. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. Plaintiff's telephone number, (805)-443-XXXX, is registered to a cellular telephone service.

21.     On February 20, 2024, the Plaintiff received a pre-recorded call from the Defendant.

22.     The recorded message was a robot asking if the Plaintiff was interested in insurance services.

23.     After the pre-recorded call played, the Plaintiff spoke to a live human being that offered Selectquote insurance services.

24.     Vertical Pulse offers Selectquote insurance services.

25.     Indeed, Selectquote confirmed Vertical Pulse's involvement with the call to the Plaintiff.

26.     The Plaintiff had never provided his prior express written consent to be contacted by the Defendant or Selectquote.

27.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Vertical Pulse because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI. CLASS ACTION ALLEGATIONS

28.     <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

**Pre-Recorded Call Class:** All persons to whom: (a) Vertical Pulse and/or a third party acting on Vertical Pulse's behalf made one or more non-emergency telephone calls; (b) to their cellular telephone numbers; (c) using an artificial or prerecorded voice; (d) at any time in the last four years through the date of trial.

29.    Numerosity.  The Class is so numerous that joinder of all its members is impracticable.  On the basis of Vertical Pulse's *en masse* calling practices, the Class has at least hundreds of members.

30.    Commonality.  There are numerous questions of law and fact common to Plaintiff and members of the Class.  These common questions of law and fact include, but are not limited to, the following:

   a.    Whether Vertical Pulse used a prerecorded voice:

   b.    Whether Vertical Pulse purchased telephone numbers of individuals who had not consented to be called by it;

   c.    Whether Vertical Pulse and/or its affiliates or agents, and/or other persons or entities acting on Vertical Pulse' behalf, knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

   d.    Whether Vertical Pulse and/or its affiliates, agents, and/or other persons or entities acting on Vertical Pulse' behalf should be enjoined from using pre-recorded messages in the future.

31.     Typicality.  Plaintiff's claims are typical of the claims of the Class.

Plaintiff's claims and those of the Class arise out of the same course of conduct by

Vertical Pulse and are based on the same legal and remedial theories.

32.     Adequacy.  Plaintiff will fairly and adequately protect the interests of

the Class.  Plaintiff has retained competent and capable counsel with experience in

TCPA and consumer class action litigation.  Plaintiff and his counsel are

committed to prosecuting this action vigorously on behalf of the Class and have the

financial resources to do so.  Neither Plaintiff nor her counsel has interests contrary

to or conflicting with those of the proposed Class.

33.     Predominance. Vertical Pulse has engaged in a common course of

conduct toward Plaintiff and members of the Class.  The common issues arising

from this conduct that affect Plaintiff and members of the Class predominate over

any individual issues.  For example, the TCPA's statutory damages obviate the

need for mini-trials on actual damages. Adjudication of these common issues in a

single action has important and desirable advantages, including judicial economy.

34.     Superiority.  A class action is the superior method for the fair and

efficient adjudication of this controversy.  Classwide relief is essential to compel

Vertical Pulse to comply with the TCPA.  The interest of individual members of

the Class in individually controlling the prosecution of separate claims against

Vertical Pulse is small because the damages in an individual action for violation of

the TCPA are small.  Management of these claims is likely to present significantly

fewer difficulties than are presented in many class actions because the calls at issue

are all automated and because the TCPA articulates bright-line standards for

liability and damages.

35.    <u>Injunctive and Declaratory Relief is Appropriate</u>. Vertical Pulse has

acted on grounds generally applicable to the Class, thereby making final injunctive

relief and corresponding declaratory relief with respect to the Class appropriate on

a classwide basis.

## VII. FIRST CAUSE OF ACTION
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) on behalf of the Pre-Recorded Call Class)**

36.    Plaintiff realleges and incorporates by reference each and every

allegation set forth in the preceding paragraphs.

37.    The foregoing acts and omissions of Vertical Pulse and/or its affiliates

or agents, and/or other persons or entities acting on Vertical Pulse's behalf,

constitute numerous and multiple violations of the TCPA, 47 U.S.C. §

227(b)(1)(A), by making non-emergency calls to the cellular telephone numbers of

Plaintiff and members of the Pre-Recorded Call Class using an artificial or

prerecorded voice.

38.    As a result of violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by

Vertical Pulse and/or its affiliates or agents and/or other persons or entities acting

on its behalf, Plaintiff and members of the Pre-Recorded Call Class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.    Plaintiff and members of the Pre-Recorded Call Class are also entitled to and do seek injunctive relief prohibiting Vertical Pulse, its affiliates and agents, and/or any other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice.

40.    As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Vertical Pulse, its affiliates or agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the Pre-Recorded Call Class are entitled to treble damages of up to $1,500 for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of all members of the Class, pray for judgment against Vertical Pulse as follows:

A.    Certification of the proposed Class;

B.    Appointment of Plaintiff as representative of the Class;

COMPLAINT - 10

C.    Appointment of the undersigned counsel as counsel for the Class;

D.    A declaration that actions complained of herein by Vertical Pulse and/or its affiliates, agents, or related entities violate the TCPA;

E.    An order enjoining Vertical Pulse and its affiliates, agents and related entities from using pre-recorded messages to call cellular telephones, absent emergency circumstances;

F.    Leave to amend this Complaint to conform to the evidence presented at trial; and

G.    Orders granting such other and further relief as the Court deems necessary, just and proper.

## IX.    DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: September 23, 2024          PLAINTIFF, individually and on behalf of all others similarly situated,

By: */s/ Rachel E. Kaufman*
Rachel E. Kaufman (Cal Bar No. 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
*Attorney for Plaintiff and the Proposed Class*